IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

                                                            Case No. 4:93cr4028-WS

vs.

**KARIM SHAREEF MATEEN,**
**f/k/a REGINALD MARCEL DENNIS,**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION ON MOTION FOR REDUCTION OF SENTENCE**

    This cause is before the court on Defendant's "Motion for Reduction of Sentence Based on Guideline Structural Clarity Concerning Undischarged & Discharged Terms of Imprisonment." Doc. 842. It is noted that this Defendant has previously been denied relief pursuant to 28 U.S.C. § 2255, and a Fed.R.Civ.P. 60(b) motion was dismissed as an unauthorized second or successive motion. *See* Docs. 826 (report and recommendation setting forth the prior history of this case), 830 and 832 (orders adopting recommendation), and 831 (judgment).

    In his current motion, Defendant seeks modification of his sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. 1B1.10 based on amendments to the guidelines

subsequent to his sentencing on March 31, 1995.  Doc. 842.  Defendant refers to an amendment to Application Note 7 of U.S.S.G. § 5K2.23, effective on November 1, 2003. Defendant also refers to Application Notes 2 and 7 to U.S.S.G. § 5G1.3, as existed at the time of his sentencing.  Defendant asserts that "under the retroactively applied amendment, and the guideline which was already in place," his sentence should be reduced by 77 months.  *Id.*, p. 4.

Section 3582(c)(2) authorizes the court, in its discretion, to modify a term of imprisonment if the sentencing range has subsequently been lowered by the Sentencing Commission, if "consistent with the applicable policy statements issued by the Sentencing Commission."  Section 1B.10(c) lists the amendments which may be applied retroactively; a reduction under § 3582(c)(2) based on any amendment not listed is inconsistent with policy statements and unauthorized.  § 1B1.10(a); United States v. Pelaez, 196 F.3d 1203, 1205, n. 3 (11th Cir. 1999).

Defendant states that he was sentenced on March 31, 1995.  Doc. 842. Amendments 535, 645, and 660 to U.S.S.G. § 5G1.3 were effective after Defendant's sentencing.  Amendments 660 and 674 to U.S.S.G. § 5K2.23 were effective after Defendant's sentencing.  None of those amendments are listed in § 1B1.10(c).

To the extent Defendant seeks reconsideration of his sentence under the guidelines existing at the time of his sentencing, modification is not authorized under § 3582(c)(2).  As stated previously, the court lacks jurisdiction to entertain a second or successive challenge to Defendant's conviction or sentence absent authorization from the court of appeals.  § 2255; doc. 826 (incorporated herein by reference).  Defendant

may not avoid this restriction by labeling his claim as something other than a § 2255 motion. Doc. 826, p. 2.[1]

It is therefore respectfully **RECOMMENDED** that Defendant's "Motion for Reduction of Sentence Based on Guideline Structural Clarity Concerning Undischarged & Discharged Terms of Imprisonment," doc. 842, be **SUMMARILY DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on May 16, 2005.

s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[1] Defendant does not attempt to challenge his guidelines sentence under United States v. Booker, __ U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (January 12, 2005). A motion raising such a claim would also require authorization for filing. *See* In re Anderson, 396 F.3d 1336 (11th Cir. 2005) (denying leave to file a second or successive § 2255 motion as the Supreme Court has not made Booker retroactive on collateral review).

Case No. 4:93cr4028-WS