IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


UNITED STATES OF AMERICA,

                                      Case No. 4:93cr4028-WS
                                      Case No. 4:06cv19-WS/WCS

vs.

KARIM SHAREEF MATEEN,
f/k/a REGINALD MARCEL DENNIS,

      Defendant.

_____/


**REPORT AND RECOMMENDATION ON PETITION TO VACATE JUDGMENT**

This cause is before the court on Defendant's "Petition to Vacate a Void Judgment in Reference to Federal Civil Judicial Procedures and Rules 60(b)(4) & (5)." Doc. 852. Defendant asserts that the court cannot construe his motion as something other than what he meant it to be, citing Castro v. United States, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003). Doc. 852, p. 1.[1]

---

[1] Defendant actually references 290 F.3d 1270 and 123 S.Ct. 993 (2003). Id. This is not to the Court's opinion but to the Eleventh Circuit opinion (which was reversed) and the Supreme Court's grant of certiorari, respectively.

Defendant asserts a defect in the integrity of his sentencing proceeding in light of Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004) and United States v. Booker, 543 U.S. 200, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Doc. 852, p. 2.  He asserts that the court should revisit the judgment and the term of supervised release pursuant to Fed.R.Civ.P. 60(b).  *Id.*

This Defendant has previously been denied relief pursuant to 28 U.S.C. § 2255, and a Fed.R.Civ.P. 60(b) motion was dismissed as an unauthorized second or successive motion.  Docs. 826 (report and recommendation setting forth the prior history of this case), 830, 831 and 832 (orders on recommendation and judgment), and docs. 844, 847, and 848 (report and recommendation, order, and judgment denying Defendant's motion for reduction of sentence).

This court has previously advised Defendant that Rule 60(b) does not authorize relief from judgment in a criminal case, that an attack on the conviction or sentence is brought pursuant to § 2255, that this court lacks jurisdiction to consider a second or successive § 2255 motion absent authorization from the Eleventh Circuit, *and* that Castro applies only to initial filings.  Doc. 826, pp. 2-5; doc. 844, pp. 2-3 (incorporating doc. 826 by reference).  The court even specifically noted, with regard to the motion for reduction of sentence, that while Defendant did not there attempt to challenge his sentence under Booker, a motion raising a Booker claim would also require authorization for filing and authorization had been denied in this circuit.  Doc. 844, p. 3, n. 3 (citations omitted).

As clarified since that time, a Rule 60(b) motion containing one or more "claims" for relief, *i.e.*, "an asserted federal basis for relief from a . . . judgment of conviction," is

essentially a successive motion.  Gonzalez v. Crosby, 545 U.S. __, 125 S.Ct. 2641, 2647, 162 L.Ed.2d 480 (2005) (citations omitted).[2]  Defendant's purported Rule 60(b) motion expressly seeks relief from the original judgment.  Therefore, it is essentially a second or successive § 2255 motion, and must be denied because authorization for filing has not been granted.

Finally, it is noted that the Supreme Court recently granted certiorari as to the retroactive application of Blakely and Booker.  Burton v. Waddington, 142 Fed. Appx. 297 (9th Cir. 2005) (not published in the Federal Reporter), *cert. granted*, __ S.Ct. __, 2006 WL 393368 (June 5, 2006).  If and when a new rule of constitutional law, previously unavailable, is "made retroactive to cases on collateral review by the Supreme Court," leave for filing a second or successive motion is expressly authorized, but such leave must still be obtained from the court of appeals.  § 2255 (incorporating § 2244).  If authorization for filing in this court is ever granted, Defendant's claim will most likely be time barred.  Dodd v. United States, 545 U.S. 353, __, 125 S.Ct. 2478, 2483, 162 L.Ed.2d 343 (2005) ("because of the interplay between ¶¶ 8(2) and 6(3) [of § 2255], an applicant who files a second or successive motion seeking to take advantage of a

---

[2] Gonzalez was decided on June 23, 2005.  The judgment denying Defendant's motion for reduction of sentence was entered on this court's docket on June 22, 2005.  Doc. 848.  This court originally cited the Eleventh Circuit's Gonzalez opinion for the proposition that Castro does not allow Defendant to evade the restrictions on successive filings by labeling his motion as something else.  Doc. 826, p. 2, citing Gonzalez v. Secretary for Dept. Of Corrections, 366 F.3d 1253, 1277, n. 10 (11th Cir. 2004) (en banc).  The Supreme Court's Gonzalez opinion affirmed the denial of relief from a 28 U.S.C. § 2254 judgment, but rejected the broad rule announced by the Eleventh Circuit as to when a Rule 60(b) motion should be treated as second or successive.  *See* Jackson v. Crosby, 437 F.3d 1290, 1294 and n. 6 (11th Cir. 2006) (discussing the scope of the Supreme Court's opinion).  The grant of certiorari was limited to that issue, and the Supreme Court did not disturb the full en banc decision in Gonzalez.  437 F.3d at 1294-95 and n. 6.

new rule of constitutional law will be time barred except in the rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year.").

It is therefore respectfully **RECOMMENDED** that Defendant's "Petition to Vacate a Void Judgment in Reference to Federal Civil Judicial Procedures and Rules 60(b)(4) & (5)," doc. 852, be **SUMMARILY DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on June 15, 2006.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**