UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

v.                                                                       Case No. 4:93cr4028-WS
                                                                          Case No. 4:09cv-105-WS/WCS

**KARIM SHAREEF MATEEN,**
a/k/a REGINALD MARCEL DENNIS,

      **Defendant.**

_____

## REPORT AND RECOMMENDATION TO DISMISS PETITION

Defendant filed a "petition for redress of grievances."  Doc. 1012.  He presents "constitutional grievances," claiming that the 1995 judgment "is NULL and VOID and questionable due to numerous Constitutional violations."  *Id.*, p. 1.  He claims, inter alia, that he was never duly convicted, that the statutes set forth in the indictment were never promulgated or printed in the Federal Register, that no crime exists, and the court lacks subject matter jurisdiction.  *Id.*, pp. 1-2.  For relief, Defendant asks the court "to VACATE the sentence and conviction of petitioner, KARIM SHAREEF MATEEN."  *Id.*, p. 2.

Defendant had recently filed a "demand for grand jury transcript," claiming that if the court did not comply it would be deemed an admission that no indictment ever existed. Doc. 1007. The request was denied:

> Defendant has not established a compelling and particular need for disclosure of grand jury transcripts. *See,* Fed.R.Crim.P. 6(e); United States v. Aisenberg, 358 F.3d 1327, 1347-49 (11th Cir.), *cert. denied*, 543 U.S. 868 (2004). Defendant claims to doubt the existence of a grand jury indictment in this case, so the clerk shall **FORWARD** a copy of Doc. 1 to Defendant for his information.

Doc. 1008.

Defendant has now filed a "demand for concurrence form." Doc. 1013. He does not claim that an insufficient number of jurors concurred in the indictment,[1] but that failure to provide a copy is an admission by the court that no indictment ever existed. *Id.* Again, Defendant fails to demonstrate the need for disclosure of grand jury materials. Even if he could allege a possible error which the grand jury materials would support, as set forth ahead, he may not seek relief from the judgment and sentence at this time.

Defendant is "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

---

[1] At least 12 grand jurors must concur to return an indictment. Fed.R.Crim.P. 6(f). The grand jury foreperson (or another juror designated) must record the number of jurors concurring in every indictment and file the record with the clerk, but the record is not released unless ordered by the court. Fed.R.Crim.P. 6(c).

Case Nos. 4:93cr4028-WS and 4:09cv105-WS/WCS

28 U.S.C. § 2255(a).  Relief, if any, from his conviction and sentence would be by § 2255 motion filed in this court.

Defendant's § 2255 motion was denied with prejudice years ago.  *See* docs. 727, 731, 732, 743 and 770 (report and recommendation as adopted by the court, judgment entered on January 25, 2001, and denial of a certificate of appealability by this court and the Eleventh Circuit, respectively).  Authorization from the Eleventh Circuit must be obtained before filing a second or second § 2255 motion.  § 2255(h); § 2255 Rule 9.  Defendant has been advised of this requirement, that this court lacks jurisdiction to consider a second or successive motion absent such authorization, and that he may not evade the requirement by assigning a different label to what is essentially a second or successive motion.  *See* doc. 821 (order of December 31, 2003); docs. 826, 830-832 (report and recommendation as adopted and judgment entered on September 3, 2004); docs. 844, 847 and 848 (report and recommendation as adopted and judgment entered on June 22, 2005); and docs. 870, 875 and 876 (report and recommendation as adopted and judgment entered on August 3, 2006).

Defendant again seeks relief from the conviction and sentence, which is only available pursuant to § 2255 despite the attempt to claim other authority for relief.  The filing of a second or successive § 2255 motion was not authorized by the Eleventh Circuit, and this court lacks jurisdiction to consider the motion.

It is therefore respectfully **RECOMMENDED** that the petition for redress of grievances (doc. 1012) be **SUMMARILY DISMISSED** as an unauthorized second or successive § 2255 motion, that Defendant's demand for concurrence form (doc. 1013) be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 25, 2009.

 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

Case Nos. 4:93cr4028-WS and 4:09cv105-WS/WCS