**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

**v.**                                                      **Case No. 4:93cr4028-WS**

**KARIM SHAREEF MATEEN,**
**a/k/a REGINALD MARCEL DENNIS,**

                     **Defendant.**
_____

## REPORT AND RECOMMENDATION TO DENY DECLARATORY JUDGMENT

Defendant filed a pro se request for declaratory judgment under 28 U.S.C. §

2201.  Doc. 1025.

Section 2201 provides:

In a case of actual controversy within its jurisdiction . . . any court of the
United States, upon the filing of an appropriate pleading, may declare the
rights and other legal relations of any interested party seeking such
declaration, whether or not further relief is or could be sought.  Any such
declaration shall have the force and effect of a final judgment or decree
and shall be reviewable as such.

Defendant Mateen seeks a "declaratory judgment preparatory to bringing judicial

action before the Court," and claims to make his request "in the interest of judicial

economy," and "so he may file an intelligent and informative pleading in compliance

with the Federal Rules of Civil Procedure Motion Practice." Doc. 1025, p. 1 and 2. The declarations sought from the court are of various legal propositions, for example a declaration "that although an accused loses many of his Constitutional rights upon conviction of a felony offense, his or her First Amendment right to redress the government for grievances is not one of those rights," and "that 'actual innocence' if proven, must give way to rituals and rules impeding the interest of justice." *Id.*, pp. 1, 2.

A declaratory judgment is not available for this purpose. Calderon v. Ashmus, 523 U.S. 740, 745-749, 118 S.Ct. 1694, 1697-1700, 140 L.Ed.2d 970 (1998), *discussing* Coffman v. Breeze Corp., 323 U.S. 316, 65 S.Ct. 298, 89 L.Ed.2d 264 (1945) (other citations omitted). In Calderon, declaratory judgment was sought to determine whether Chapter 153 or 154 of Title 28, U.S.C. (governing habeas corpus and habeas corpus in capital cases, respectively) would apply to death row inmates in California.[1] Rather than filing a habeas corpus petition, which would have resolved the issue, the inmate "seeks to have that question determined in anticipation of seeking habeas so that he will be better able to know, for example, the time limits that govern the habeas action." *Id.*, at 746, 118 S.Ct. at 1698.

The Court said that such a suit:

> attempts to gain a litigation advantage by obtaining an advance ruling on an affirmative defense. The "case or controversy" actually at stake is the class members' claims in their individual proceedings. Any judgment in this action thus would not resolve the entire case or controversy as to any one of them, but would merely determine a collateral legal issue governing

---

[1] Chapter 154, which revises the procedural rules (such as the time limit for filing) for habeas proceedings capital cases, applies only where a state qualifies by meeting certain conditions. *Id.*, at 742-743, 118 S.Ct. at 1696.

certain aspects of their pending or future suits.

*Id.*, at 747, 118 S.Ct. at 1698-99 (citations omitted). The Court noted "[t]he disruptive

effects of an action such as this are peculiarly great when the underlying claim must be

adjudicated in a federal habeas proceeding." *Id.*, 118 S.Ct. at 1699.

Here, there is even less of an arguable case or controversy as there is no

argument as to how the declarations sought would have any application to this

Defendant. Any argument going to his judgment of conviction would be brought under

28 U.S.C. § 2255 but, as Defendant has been advised, he may not file a second or

successive § 2255 motion without first obtaining authorization from the Eleventh Circuit.

Docs. 1016, 1019 and 1020 (report and recommendation as adopted by the court, and

judgment entered on the docket April 17, 2009).[2]

Even if the declarations sought by Defendant were not necessarily relevant only

to a possible § 2255 motion, declaratory relief is not available to determine collateral

legal issues which would "have no coercive impact on the legal rights or obligations of

either party," but instead "would simply carve out" an issue or multiple issues "for

separate adjudication." *Id.*, at 749, 118 S.Ct. at 1699-1700 (citation omitted); *see also*

Prier v. Steed, 456 F.3d 1209, 1213 (10th Cir. 2006) (quoting Calderon, in action under

---

[2] There Defendant demanded the grand jury concurrence form, but (as the court found with respect to the grand jury transcript) had not demonstrated a particularized need for grand jury materials. "Even if he could allege a possible error which the grand jury materials would support . . . he may not seek relief from the judgment and sentence at this time," because his any relief would be under § 2255, and he had not obtained authorization for filing a second or successive motion. Doc. 1016, pp. 2-3.

the Family and Medical Leave Act (FMLA)).[3]

It is therefore respectfully **RECOMMENDED** that Defendant's request for

declaratory judgment under 28 U.S.C. § 2201, doc. 1025, be **SUMMARILY DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 10, 2009.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[3] In Prier, the underlyng controversy was whether a county employee had been illegally terminated, but plaintiff dismissed that claim and "[a]ll that remains is a claim for a declaratory judgment with respect to a collateral legal issue, whether Steed's affirmative defense to Prier's claim under the FMLA was valid."  456 F.3d at 1213. "Resolution of this issue will have no coercive effect on the legal rights or obligations of either party," and a declaratory judgment in plaintiff's favor "would amount to nothing more than a declaration that she was wronged."  *Id.*, at 1214 (citation and internal brackets omitted).